## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-02057 BKT** |
| | **Chapter 13** |
| **RAFAEL FERNANDEZ QUESADA** | |
| | **Adversary No. 13-00174 BKT** |
| **Debtor(s)** | |
| | |
| **MMM HEALTHCARE INC** | |
| **PMC MEDICARE CHOICE INC** | |
| | |
| **Plaintiff** | |
| **vs.** | |
| | |
| **RAFAEL FERNANDEZ QUESADA** | |
| **ALEJANDRO OLIVERAS RIVERA,** | |
| **TRUSTEE** | |
| | **FILED & ENTERED ON 4/1/2014** |
| **Defendants** | |

### OPINION AND ORDER

Before this court is a Motion to Dismiss pursuant to 11 U.S.C §523(a) filed by Debtor/Defendant [Dkt. No. 16] and Opposition filed by Creditors PMC Medicare Choice Inc., through its administrator MSO of Puerto Rico, Inc. (collectively referred to as "Plaintiffs") [Dkt. No. 19]. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

### I.    Factual Background

Debtor Rafael Fernandez Quesada filed a voluntary chapter 13 bankruptcy petition on March

16, 2013 [Legal Case No. 13-2057, Dkt. No. 1]. Plaintiffs' motion for entry of order to permit a late claim filing pursuant to Fed. R. Bankr. P. 9006(b)(1) and 11 U.S.C. § 105(A) was filed on August 5, 2013 [Legal Case No. 13-2057, Dkt. No. 59], and denied by the court on September 9, 2013 [Legal Case No. 13-2057, Dkt No. 103]. On August 16, 2013, Plaintiffs filed an adversary proceeding to object to the dischargeability of their disallowed claim against the Defendant. Defendant's motion to dismiss and Plaintiffs' opposition followed.

In his motion to dismiss, Defendant argues that Plaintiffs lack standing to file a complaint on dischargeability because they are disallowed creditors. Defendant also argues that Plaintiffs' allegations do not meet the requirements under section 523(a)(2) inasmuch as they fail to establish that debtor made false representations with the intent to deceive or defraud.

In opposing the motion to dismiss, Plaintiffs argue that they have standing to file a dischargeability complaint under Fed. R. Bankr. P. 4007(a) even though this court did not allow their initial proof of claim. In support thereof, Plaintiffs contend that failure to file a late proof of claim does not affect the dischargeability of the debt. Plaintiffs argue that so long as they have a claim against Debtor, as distinguished from a claim against Debtor's estate, they may commence a proceeding to determine their right to payment. Furthermore, Plaintiffs assert that they meet the section 523 standard and that the complaint pleads sufficient acts of fraud, false pretenses and false representations by the Defendant to state plausible claims for relief under section 523(a) of the Bankruptcy Code.

In deciding whether to dismiss the compliant, the court must first consider the effect of the disallowance of Plaintiffs' claim in the legal case, which hinges on Plaintiffs' rights against the assets of Debtor's bankruptcy estate, and dischargeability, which concerns whether Plaintiffs may

continue to pursue the enforcement of its debt as a personal liability against the Debtor after the entry of a discharge.

## II.     Legal Analysis

### A.      Dismissal standard

The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies this Rule 8(a)(2)'s requirement. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Katz v. Pershing, LLC, 672 F .3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable ..." Ashcroft v. Iqbal, at 678, 129 S.Ct. 1937, 1949. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, 550 U.S. at 556, 127 S.Ct. 1955. "In practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562, 127 S.Ct. 1955 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984)). On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of

allegations that merely parrot the elements of the cause of action. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d, at 12 (citing Twombly, 550 U.S. at 555, 127 S.Ct.1955) (internal citations omitted). Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff, and thus must accept all well-pleaded factual allegations as true. Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998).

**B.      Standing of a disallowed creditor to file a complaint on dischargeability**

A proof of claim executed and filed in accordance with the provisions of section 501 of the Bankruptcy Code, and as provided by the Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim. Fed R. Bankr. P. 3001(f). Under section 502(a) of the Bankruptcy Code, a properly filed proof of claim or proof of interest is deemed allowed unless a party in interest objects.

Section 502(b)(9) provides for disallowance of a claim in a chapter 13 case that is not timely filed if a party in interest objects. 11 U.S.C.A. § 502(b)(9). Here, Plaintiffs' unsecured nonpriority claim was disallowed by the court because it was filed after the expiration of the bar date imposed by Bankruptcy Rule 3002(c). Disallowance of a late-filed claim may adversely affect the Debtor if it is a claim that is excepted from discharge because Debtor will remain liable for the nondischargeable debt at the conclusion of the case. The question here is whether Plaintiffs' disallowed claim is entitled to discharge.

The chapter 13 discharge provisions are set forth in section 1328, which provides for a discharge after the Debtor has fully complied with his chapter 13 plan. Section 1328(a) provides that a chapter 13 debtor who has completed payments under a plan be granted a discharge of all debts provided for by the plan, or disallowed under section 502, except any debt of the kind specified in

paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a).  11 U.S.C. § 1328(a).

### 1. Provided for by the plan.

The chapter 13 discharge applies only to claims "provided for" in the plan.  11 U.S.C. § 1328(a), (b).  To "provide for' a claim, and for a claim to be dischargeable, the plan need only make a provision for it, i.e., deal with it or refer to it.  8 COLLIER ON BANKRUPTCY ¶ 1328.02[a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed) quoting Lawrence Tractor Co. v. Gregory (In re Gregory), 705 F.2d 1118, 8 C.B.C.2d 605 (9th Cir. 1983).  Section 1328(a), however, does not require that the plan actually provide a benefit, i.e., a payment on the debt.  The Mun. of Carolina v. Gonzalez (In re Gonzalez), 490 B.R. 642, 650 (1st Cir. BAP 2013) citing Ledlin v. United States (In re Tomlan), 102 B.R. 790, 793 (E.D.Wash.1989), aff'd, 907 F.2d 114 (9th Cir.1990).  If the debtor properly listed a debt on his schedules, and if the plan states the distributions that holders of unsecured claims will receive, the plan "provides for" the debt, and the fact that a creditor receives no distribution because of the failure to file a timely proof of claim does not matter; the discharge will apply to it.  The amended chapter 13 plan filed by Debtor on February 25, 2014, specifically provides that Plaintiffs will receive no distribution because of the objection to the late filed claim. This provision refers to Plaintiffs' unsecured claim and deals with it, albeit, proposing no benefit or payment on such claim.

### 2. Disallowance under section 502.

In general, section 502(b), empowers the court to disallow a claim with respect to which an objection has been filed if proof of such claim is not timely filed.  11 U.S.C. § 502(b)(9); 4 COLLIER ON BANKRUPTCY ¶ 502.03[10][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed).  A discharge under section 1328(a) discharges not only debts provided for by the plan, but also

debts disallowed under section 502, unless a claim was disallowed solely because it was not timely filed and the debt is nondischargeable under section 1328(a). 8 COLLIER ON BANKRUPTCY ¶ 1328.02[3], supra. A nondischargeable debt that is not allowable due to the absence of a timely filed proof of claim remains nondischargeable. In re Woods, 233 F.3d 324, 149 Ed. Law Rep. 120 (5th Cir. 2000).

Here, Plaintiffs' unsecured claim was disallowed under section 502(9). It appears that Debtor would be entitled to discharge Plaintiffs' unsecured claim once the plan is confirmed and fully complied with. However, the dischargeability of the debt under section 523(a) has been questioned by Plaintiffs.

**3. Dischargeability under section 523(a).**

In the complaint, Plaintiffs object to the dischargeability of the disallowed claim under 11 U.S.C. § 523(a)(2)(A), for alleged false pretenses and false representations of Debtor/Defendant.

Section 1328(a)(2) excepts from discharge debts that are specified in paragraphs (1)(B), (1)(C), (2), (3), (4), (5), (8) and (9) of section 523(a), among others. Section 523(a) expressly excepts various categories of debts from discharge, including debts that were incurred by way of "false pretenses, false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A).

Rule 4007 governs the procedure for determining whether particular debts are dischargeable in bankruptcy. 9 COLLIER ON BANKRUPTCY ¶ 4007.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed). Rule 4007 confers creditors the right to file a complaint to obtain a determination of the dischargeability or nondischargeability of a debt. Fed R. Bankr. P. 4007(a). It is implied that noncreditors may not initiate such proceedings. 9 COLLIER ON BANKRUPTCY ¶ 4007.02, supra. Thus, standing to file a complaint to determine dischargeability is reserved for creditors. "The right

to bring a proceeding under Rule 4007 turns upon the right to enforce collection of the debt which is at issue." 9 COLLIER ON BANKRUPTCY ¶ 4007.02, supra.

According to Rule 3002(a), an unsecured creditor must file a claim to be able to participate in any distribution in the case. As stated in the notice of bankruptcy case filing, failure to file a proof of claim by the deadline set forth in the notice, may result in the creditor not being paid any money on its claim from the assets in the bankruptcy case [Legal Case No. 13-2057, Dkt No. 5]. Thus, failure to file a proof of claim before the bar date precludes Plaintiffs from participating in the voting or distribution from the debtor's estate. However, "a bankruptcy court's determination of a claim's untimeliness does not affect application of the § 523 exceptions to discharge." In re Grynberg, 986 F.2d 367, 370 (10th Cir.1993) (determining that failure to file proof of claim for gift tax did not prevent the IRS from having "claim," even though it would not be allowed, and thus did not prevent disputed gift tax from being a "debt," for nondischargeability purposes.)

The term "creditor" is defined by the Bankruptcy Code as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). A "claim" is potentially subject to discharge in the bankruptcy proceeding. A "debt", on the other hand, means "liability on a claim." 11 U.S.C. § 101(12).

Under section 523(a)(2)(A), a discharge under section 1328(b) does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

11 U.S.C. § 523(a)(2)(A)(emphasis ours).  "The Supreme Court has held that the language of § 101(5)(A) reflects Congress' broad rather than restrictive view of the class of obligations that qualify as a 'claim' giving rise to a 'debt.'"  In re Grynberg, 986 F.2d 367, 371 (C.A.10 1993), quoting Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 558, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990).  Other courts have observed that nothing in the definition of the term "claim" requires that a proof of claim be filed to establish a claim's existence.  In re Grynberg, 986 F.2d at 371.  Proof is only required to ensure a creditor's participation in the reorganization or distribution. Id.

Plaintiffs' claim was disallowed as late filed.  As such, Plaintiffs do not have a "right to payment" from the bankruptcy estate with regards to the disallowed claim.  However, in view of this expansive definition of the term "claim," Plaintiffs' late filed claim may qualify as a "debt" that can be excepted from discharge under section 523, even when precluded from participating in Debtor's plan of reorganization.  The court finds that Plaintiffs have a "debt" as defined by the Bankruptcy Code, and therefore may object to the dischargeability of their disallowed claim.  Under these facts, the court concludes that Plaintiffs' late filed claim does not affect its standing to file a complaint for nondischargeability of the debt.  Rather, it means that the creditor may not share in the distribution of assets from the estate.  In re Gallick, 292 B.R. 830, 831 (Bkrtcy.W.D.Pa.,2003) (failure to follow the proper procedure with respect to filing claims does not affect the clear statutory language of 11 U.S.C. § 523 making certain debts nondischargeable.) quoting In re Loving, 269 B.R. 655 (Bankr.S.D.Ind.2001) (failure to file a proof of claim simply precludes a creditor from participating in the voting or distribution from the debtor's estate).  Plaintiffs now must carry the burden of proving that its debt comes within the provision of Section 523(a)(2).  If the debt is determined to be

nondischargeable, Plaintiffs' may be free to pursue the debtor outside bankruptcy.

C. **Dismissal for failure to establish a claim under section 523(a)(2)**

Defendant argues that allegations do not meet the requirements under section 523(a)(2). Defendant contends that the allegations, as stated in the complaint, fail to establish that Debtor made false representations with the intent to deceive or defraud. Plaintiffs aver that they meet the section 523 standard because their complaint pleads sufficient acts of fraud, false pretenses and false representations by the Defendant to state plausible claims for relief under section 523(a) of the Bankruptcy Code. Plaintiffs main allegations are summarized as follows:

a. Prior to the Bankruptcy Petition Date, Defendant was a provider contracted by Plaintiffs. Defendant provided medical services and, as part of the Contract, would invoice the services rendered by Plaintiff.

b. These services must comply with the Medicare requirements, which include the obligation that the medical record must document the patient's symptoms and the medical necessity of the services rendered. The medical charts must be completed by the physician who provided the services.

c. MMM/PMC performed a post-payment audit for the years 2009 through 2011 of Defendant's services in order to determine the accuracy and reasonability of the home visits for the evaluation and management of an established patient billed by Defendant.

d. The Local Carrier Determination ("LCD") that establishes the requirements for billing such services states that the medical record must document the medical necessity of the home visit, whether made in lieu of an office or outpatient visit or in addition to such visits. In the latter scenario, documentation must clearly reflect the need for such concurrent care to avoid being considered duplicative and therefore, not medically reasonable and necessary.

e. Also, according to billing rules, the amount paid to a provider for home visits varies depending on the patient's level of the condition. Billing codes reflect such differences in level of the condition. For example, billing code CPT99347 describes a self-limited or minor level, while CPT99349 describes a moderate to high severity level.

f. Accordingly, the provider must use the billing code that matches the level of the condition for the patient which the provider visited. If the provider uses a billing code with a level of condition higher than the level of condition documented by the provider in the patient's medical record at the time of the visit, the provider will receive payment for an amount larger than the amount

established for the service performed. This practice, known as upcoding, causes a provider to be overpaid for the home visit due to the misleading information provided in the medical bills.

g. The audit performed focused on Defendant's billing of CPT99349, which describes a moderate to high severity condition for the patient examined at home.

h. In general terms, the audit revealed the following results:

    i. supporting documentation for the services billed and audited where not provided at the moment of the audit;

    ii. no progress notes were completed or in compliance with the LCD; and

    iii. when comparing Defendant's progress notes on patients visited with the CMS (Centers for Medicaid and Medicare Services) evaluation and management documentation guidelines, it was concluded that Defendant upcoded its billing. Defendant billed for moderate to high severity levels, but the progress notes only showed self-limited or minor severity levels. Thus, documentation on the progress notes reviewed do not support Defendant's billing.

i. As a result of the amounts invoiced, and relying on Defendant's fraudulent misrepresentations, Plaintiffs paid Defendant a total amount of $361,223.00.

Applying the dismissal test, the court concludes that the well-pleaded facts of the complaint, if accepted as true, plead sufficient acts of fraud, false pretenses and false representations by the Defendant to state plausible claims for relief under section 523(a) of the Bankruptcy Code. Plaintiffs thus survive the motion to dismiss.

WHEREFORE, IT IS ORDERED that Motion to Dismiss filed by Defendant shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 1st day of April, 2014.

Brian K. Tester
U.S. Bankruptcy Judge